STUCKY, Judge
(concurring in the result):
I agree that the military judge did not abusé her discretion under Rule for Courts-Martial (R.C.M.) 914 in striking the witness’s testimony. I disagree, however, with the majority’s suggestion that the Jencks Act applies to courts-martial.
In Palermo v. United States, the Supreme Court described the circumstances that led to the enactment of the Jencks Act, 18 U.S.C. § 3500.
Exercising our power, in the absence of statutory provision, to prescribe procedures for the administration of justice in the federal courts, this Court, on June 3, 1957, in Jencks v. United States, 353 U.S. 657 [77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957)], decided that the defense in a federal criminal prosecution was entitled, under certain circumstances, to obtain, for impeachment purposes, statements which had been made to government agents by government witnesses. These statements were therefore to be turned over to the defense at the time of cross-examination if their contents related to the subject matter of the witness’ direct testimony, and if a demand ■had been made for specific statements which had been written by the witness or, if orally made, as recorded by agents of the Government. We also held that the trial judge was not to examine the statements to determine if they contained material inconsistent with the testimony of the *195 witness before deciding whether he would turn them over to the defense. Once the statements had been shown to contain related material only the defense was adequately equipped to decide whether they had value for impeachment.
360 U.S. 343, 346-46, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959).
The decision raised concerns in Congress, and legislation was introduced almost immediately thereafter to limit Jencks. Id. at 346^47, 79 S.Ct. 1217. Three months later, on September 2, 1957, Congress approved the Jencks Act, which narrowed the definition of the term “statements.” Id. at 347, 79 S.Ct. 1217. The Supreme Court recognized that Congress had the power to define the rules of trial procedure and, therefore, concluded that the Jencks Act superseded the rules the Court created in Jencks. See id. at 347-48, 351, 79 S.Ct. 1217.
The Constitution grants Congress “plenary control over rights, duties, and responsibilities in the framework of the Military Establishment, including regulations, procedures, and remedies related to military discipline.” Weiss v. United States, 510 U.S. 163, 177, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); see U.S. Const, art. I, § 8, cl. 14. Congress has exercised its control over military discipline through the Uniform Code of Military Justice, which “establishes an integrated system of investigation, trial, and appeal that is separate from the criminal justice proceedings eon-ducted in the U.S. district courts.” United States v. Dowty, 48 M.J. 102, 106 (1998).
United States v. McElhaney, 54 M.J. 120, 124 (C.A.A.F.2000).
As part of this integrated system, Congress provided that the President may prescribe
[pjretrial, trial, and post-trial procedures, including modes of proof, for cases arising under [the UCMJ], ... which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts, but which may not be contrary to or inconsistent with [the UCMJ].
Article 36(a), UCMJ, 10 U.S.C. § 836(a) (2012). The President has exercised that authority by promulgating a procedural rule governing the production of statements of witnesses for courts-martial. See R.C.M. 914. This rule is based on Fed.R.Crim.P. 26.2, which is based on the Jencks Act. Manual for Courts-Martial, United States, Analysis of R.C.M. 914, at A21-64 (2012 ed.).
Just as the Supreme Court recognized that Congress has the primary responsibility for enacting the rules of procedure in federal criminal trials, this Court should recognize that Congress has explicitly granted the President the authority to promulgate pretrial, trial, and post-trial procedural rules. Thus, I conclude that R.C.M. 914 supersedes the Jencks Act for trials by courts-martial.